# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA GROSCH,**

      Plaintiff,

  -vs-                                      Case No. 13-C-1132

**CAROLYN COLVIN, Acting
Commissioner of Social Security,**

      Defendant.

## DECISION AND ORDER

Debra Grosch appeals the denial of her application for Disability Insurance Benefits. The Administrative Law Judge found that Grosch suffered from affective disorder and anxiety disorders. The ALJ found that Grosch had the residual functional capacity to perform a full range of work at all exertional levels, but must avoid even moderate exposure to irritants such as fumes, odors, dust, and gases; avoid all use of moving machinery and avoid all exposure to unprotected heights; not climb ladders, ropes, or scaffolds; be limited to low stress jobs, defined as those requiring only occasional decision making and only occasional changes in the work setting; be limited to work that requires no more than occasional judgment; and be limited to occasional contact with coworkers and the public. Aided by the testimony of a vocational expert, the ALJ determined at step 5 of the

sequential evaluation process that Grosch could perform a significant number of jobs in the national economy.

To uphold the denial of benefits, the ALJ's decision must be supported by substantial evidence, untainted by an erroneous credibility finding. *Engstrand v. Colvin*, --- F.3d ----, 2015 WL 3505585, at *4 (7th Cir. June 4, 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Courts defer to a credibility finding that is not patently wrong, but the ALJ "still must competently explain an adverse-credibility finding with specific reasons 'supported by the record.'" *Engstrand* at *4 (quoting *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015)). "An erroneous credibility finding requires remand unless the claimant's testimony is incredible on its face or the ALJ explains that the decision did not depend on the credibility finding." *Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014).

Grosch argues that the ALJ's credibility finding is not supported by substantial evidence and fails to properly incorporate her subjective complaints. The ALJ took note of the "symptoms" associated with Grosch's anxiety and depression, finding that "the claimant's medically determinable impairments could reasonably be expected to cause the

- 2 -

alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 25. This is the infamous boilerplate language deemed meaningless by the Seventh Circuit. *See Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012). The "assessment of a claimant's ability to work will often (and in the present case) depend heavily on the credibility of her statements concerning the 'intensity, persistence and limiting effects' of her symptoms, but the passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards." *Bjornson v. Astrue*, 671 F.3d 650, 645 (7th Cir. 2012).

The ALJ's credibility finding is not salvaged by what follows. First, the ALJ observed that "treatment records reflect that the claimant has been routinely noncompliant with prescribed medications. In addition, she has failed to follow through with recommendations from her therapist, such as performing yoga, performing daily activities, and focusing on her own well-being." R. 26. This line of reasoning fails to account for the fact that persons with mental illness often have difficulty complying with a treatment regimen. *See Martinez v. Astrue*, 630 F.3d 693, 697 (7th Cir.

- 3 -

2011) (stating that "people with serious psychiatric problems are often incapable of taking their prescribed medications consistently"). In this context, an ALJ "must consider possible alternative explanations before concluding that non-compliance with medication supports an adverse credibility inference." *Jelinek v. Astrue*, 662 F.3d 805, 814 (7th Cir. 2011).

The ALJ observed further that Grosch "has experienced a number of financial and family stressors during this period that have limited the overall progress of her treatment and have interfered with her ability to perform daily activities. The record suggests that it is these external factors, as opposed to the claimant's mental health symptoms, that have the greatest affect [sic] on her functioning." R. 26. This passage is baffling. The ALJ seemed not to consider the possibility that Grosch's mental impairments affect her ability to cope with external stressors. This line of reasoning also suggests Grosch should simply remove the financial and family stressors from her life, when in fact her disability may be preventing her from doing so. Similarly baffling is the ALJ's implication that Grosch's financial difficulties may be overstated because Grosch could afford to smoke a pack of cigarettes a day. R. 27. Nicotine is another coping mechanism for stress.

Ultimately, the ALJ conceded that the record "does support a

conclusion that the claimant's conditions do cause some work related limitations. However, the extent of such limitations, as reported by the claimant, is not supported by the objective findings or overall mental health treatment documentation during the relevant period." R. 27. This is wrong as a matter of law because "once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). In any event, Grosch submitted extensive treatment notes outlining the functional effects of her depression and anxiety. R. 451-489, 489-90.

For all of the foregoing reasons, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 9th day of July, 2015.

                                                **SO ORDERED:**

                                        *[signature]*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**